IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID ALLEN GRIMSTED<br>3434 30th Street, N.W.<br>Washington, D.C. 20008<br><br>And<br><br>PATRICIA SANDELL FROELICHER,<br>his wife, by her agent<br>DAVID ALLEN GRIMSTED.<br><br>Plaintiffs,<br><br>v.<br><br>PETER FROELICHER<br>5802 City View Ct.<br>Cheyenne, WY 82009<br><br>SANGREE FROELICHER<br>2365 SE 60th Ave<br>Portland, Oregon 97215<br><br>KARIN GRIMSTED<br>2224 McCormick Ct. SE<br>Olympia, WA 98501<br><br>SANDELL REICHARD<br>981 NE 81st Ave.<br>Portland, OR 97213<br><br>FRED FROELICHER<br>31 Prince St.<br>Littlestown, PA 17340<br><br>RAYMOND JAMES & ASSOCIATES,<br>INC.<br>A Florida Corporation<br>880 Carillon Parkway<br>St. Petersburg, FL 33716<br><br>RAYMOND JAMES BANK, N.A.,<br>a Florida Corporation,<br>880 Carillon Parkway<br>St. Petersburg, FL 33716 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. _____<br><br>COMPLAINT |

and                                                    )
                                                       )
SACHA MILLSTONE                                        )
c/o RAYMOND JAMES &                                    )
ASSOCIATES, INC.,                                      )
1942 Broadway Street                                   )
Suite 400                                              )
Boulder, Colorado 80302                                )
                                                       )
_____Defendants._____)

## COMPLAINT

COMES NOW Plaintiffs DAVID ALLEN GRIMSTED and PATRICIA SANDELL

FROELICHER, by David Allen Grimsted as her agent under a power of attorney, and files this

Complaint against Defendants PETER FROELICHER, SANGREE FROELICHER, KARIN

GRIMSTED, SANDELL REICHARD, FRED FROELICHER (sometimes hereinafter collectively

referred to as the "Children", or the "Froelicher Children") and RAYMOND JAMES &

ASSOCIATES, INC., a Florida corporation and RAYMOND JAMES BANK, N.A., a federally

chartered bank with its principal place of business in Florida, and SACHA MILLSTONE, an

employee, independent contractor, and/or agent for Raymond James, Inc. and/or Raymond James

Bank, N.A., (collectively Raymond James, Inc., Raymond James Bank, N.A. and Sacha Milestone

are referred to as "Raymond James" or the "Raymond James Defendants") (Raymond James, Inc.

and Raymond James, N.A. are sometimes collectively referred to as Raymond James, Inc.) (All of

the Defendants are collectively referred to as the "Defendants.') for the wrongful conduct which

resulted in the issuance of a power of attorney in favor of Peter Froelicher by Plaintiff Froelicher

when she was not competent to do so,  or under undue influence, the transfer and conversion of

assets belonging to Plaintiff Froelicher to the Froelicher Children, the change of beneficiaries on

certain deferred annuities in favor of the Froelicher Children, the concurrence and participation in

some or all of these transactions by Raymond James,  and the secret  physical transfer of Plaintiff

Page 2

Froelicher by the Children from her home and the home of Plaintiff Grimsted in Washington, D.C. to the home of one of the children in Oregon, all resulting in damages to Plaintiff Grimsted and Plaintiff Froelicher.

JURISDICTION

1.      Jurisdiction is based upon 28 USC § 1332(a), there being complete diversity of citizenship and more than $75,000.00 in controversy exclusive of interest and costs.

2.      Plaintiff Grimsted and Plaintiff Froelicher are both residents and citizens of the District of Columbia.

3.      Peter Froelicher is a citizen of the State of Wyoming.

4.      Sangree Froelicher is a citizen of the State of Oregon.

5.      Karin Grimsted is a citizen of the State of Washington.

6.      Sandell Reichard is a citizen of the State of Oregon.

7.      Fred Froelicher is a citizen of the Commonwealth of Pennsylvania.

8.      Sacha Millstone is a citizen of the State of Colorado.

9.      Raymond James Associates, Inc. is a Florida corporation with its principal place of business in the State of Florida.

10.     Raymond James Bank, NA, is a federally chartered bank with its principal place of business in the State of Florida.

11.     Venue is proper in the District of Columbia.

PARTIES

12.     Plaintiff Grimsted is a retired history professor formerly employed at the University of Maryland.  He is 80 years old and has lived with Patricia Froelicher (hereinafter "Plaintiff Froelicher") in the District of Columbia since 1980.

Page 3

13.     Plaintiff Froelicher is age 84 and is a former teacher at Sidwell Friends School in the District of Columbia.

14.     Though Plaintiff Froelicher and Plaintiff Grimsted have never been formally married, their conduct among friends and neighbors has been such that their relationship constitutes a common law marriage under District of Columbia law.

15.     Plaintiff Froelicher has named Plaintiff Grimsted as her principal financial agent and principal health care agent at least since 1999. She leaves her entire residuary estate to Plaintiff Grimsted and has named him as personal representative since 1999. In the event she requires a guardian or conservator, she has nominated him to be so appointed.  Likewise, Plaintiff Grimsted has created an estate plan providing Plaintiff Froelicher with assets she may need of his to provide for her maintenance, support and well-being in the event that Plaintiff Grimsted should predecease Plaintiff Froelicher.  Each plaintiff has or had an expectation that the estate plans of each would be compatible with the estate plan of the other so as to provide mutual care and benefit for both respecting the tenure and nature of their long term relationship.

16.     Patricia suffers from progressive dementia and has been medically determined to lack capacity to make medical or financial decisions since at least November 19, 2014.

### FACTUAL BACKGROUND

17.     The Froelicher children or certain of them in concert with certain of the other Froelicher children did the following acts, and in concert with the Raymond James Defendants, did certain of the following acts:

a.      Plaintiff Grimsted believes and therefore alleges that during December, 2014, the Froelicher Children or some of them caused Plaintiff Froelicher to sign a power of attorney form naming Peter Froelicher as her agent under the new Power of Attorney.  At the time

of the issuance of this new power of attorney the Froelicher Children knew that Plaintiff Grimsted previously had been named as power of attorney and had been functioning as such on behalf of Plaintiff Froelicher.  Further, the Froelicher Children knew that their mother lacked capacity to manage her financial affairs and was incapable of executing a valid power of attorney or, in the alternative, exercised undue influence to induce Plaintiff Froelicher to sign a new power of attorney document.

b.      In December, 2014, while a guest in Plaintiffs Grimsted's and Froelicher's home, Sangree Froelicher, one of the children, transported Plaintiff Froelicher to the District of Columbia office of Raymond James.  Subsequently, Raymond James sent a policy change form to Transamerica, issuer of at least two annuities to Plaintiff Froelicher.  On or about December 23, 2014, Transamerica Life Insurance Co., sent a letter to Plaintiff Froelicher confirming that she had changed the beneficiary of a deferred annuity from Plaintiff Grimsted to the five Froelicher Children in equal shares, 20% each. On or about the same date Raymond James recognized Peter's power of attorney.

c.      Plaintiff Grimsted asserted a claim against Raymond James for its misconduct. On February 8, 2015, a Sunday, and the first day of Plaintiff Froelicher's abduction as described below, Raymond James dismissed the claim.

d.      Karin Grimsted, a Froelicher child (married to a nephew of Plaintiff Grimsted), visited Plaintiff Froelicher and Plaintiff Grimsted during the week of February 2, 2015, staying at Plaintiff Grimsted and Plaintiff Froelicher's home. Karin invited Plaintiff Froelicher to return with her to Oregon. Plaintiff Froelicher had medical visits, tests, and therapies scheduled for the following week and declined. The following Saturday, son Fred Froelicher, while also staying at the Grimsted-Froelicher home, said he would take his

mother out to Politics and Prose Bookstore for a morning coffee. After picking up his wife, who left secretly with their dog, and contrary to his representation to Plaintiff Grimsted, Fred took Plaintiff Froelicher to an airport, where Karin took her to Portland, Oregon without her consent, because she lacked capacity to give consent, and without the consent of Plaintiff Grimsted in his capacity as health care agent for Plaintiff Grimsted.

e.   Upon Plaintiff Froelicher having been removed to Portland, Oregon, she called Plaintiff Grimsted by telephone and reported her displeasure at having been removed from her home.  Thereupon, Plaintiff Grimsted travelled to Portland, Oregon where his access to Plaintiff Froelicher was barred by Defendant Sandell Froelicher, one of the Froelicher Children, with the threat of arrest. Plaintiff Grimsted after hiring Oregon counsel obtained access to Plaintiff Froelicher and on or about February 7, 2015 brought her home to Washington, D.C. one week after she had been wrongfully removed.

f.   On or about February 18th or 19th, at the direction of some or all of the Children and with the assistance and direction of the Raymond James Defendants, approximately $211,000 in securities in Plaintiff Froelicher's Raymond James account was transferred to her Children.[1]  On February 18, 2015, Peter Froelicher sent a note to Ms. Froelicher stating

---

[1]The accounts to which the transfers were made, and the value of each transfer were:

| >0806 | >0745 | >0750 | >0769 | |
|---|---|---|---|---|
| $4,612.28 | $8,747.17 | $39,889.13 | $7,012.05 | |
| $22,622.75 | $17,553.26 | $12,842.89 | $38,275.06 | |
| $16,676.76 | $26,827.19 | | $7,655.49 | |
| $8,743.16 | | | | |
| $52,654.95 | $53,128.33 | $52,732.02 | $52,942.60 | $211,457.90 |

N:\WP\files\Cases\Guardian (GU)\Grimsted\Pleading\PI. Complaint FINAL. 062315.docx

"As we discussed and you agreed, I made the gifts to Fred, Sandell, Karin, and Sangree." This was done while Peter knew of his mother's limited capacity and with the knowledge that the Power of Attorney which he used to cause those transfers was conceived and executed by fraud and undue influence. He also knew that the Power of Attorney in the name of Plaintiff Grimsted was valid prior to the creation of the Power of Attorney naming Peter. The transactions which Raymond James accomplished in concert with the Froelicher Children represented a transfer of more than 25% of Plaintiff Froelicher's entire net worth and more than half of all her assets other than her retirement accounts.

18.     Plaintiff Grimsted and Plaintiff Froelicher have suffered substantial economic and emotional damage as a result of the conduct of the Defendants.

COUNT I – BREACH OF CONTRACT<br>(Patricia Froelicher)

19.     The foregoing allegations in paragraphs 1-18 are re-alleged and incorporated herein as if fully set forth.

20.     Plaintiff Froelicher and Raymond James entered into a Contract and contractual relationship.

21.     In breach of the contract rights of Plaintiff Froelicher, Raymond James in concert with the Children of Plaintiff Froelicher complied with directions given by the agent named in a Power of Attorney when Raymond James knew or should have made appropriate inquiry regarding the fact that Plaintiff Froelicher lacked capacity to enter into such Power of Attorney. The Raymond James Defendants failed to exercise their fiduciary duty as broker to ascertain Plaintiff Froelicher's capacity to enter into such a contract.

22.     Raymond James caused the wrongful transfer of assets from the Plaintiff Froelicher's account to accounts in the name of the Froelicher children intentionally or negligently

Page 7

breaching the contract with Plaintiff Froelicher.

23.    Raymond James persisted in recognizing the wrongfully obtained power of attorney even in the face of the reversal by Transamerica Life Insurance Company of actions taken by the same agent under the same wrongfully obtained power of attorney when provided with the identical documents showing Plaintiff Froelicher's lack of capacity. This action, when combined with the tortious claims set forth herein, supports an award of actual and punitive damages.

COUNT II – TORTIOUS INTENTIONAL INTERFERENCE
WITH CONTRACTUAL RELATIONSHIPS
(Patricia Froelicher)

24.    The foregoing allegations in paragraphs 1 - 23 are re-alleged and incorporated herein as if fully set forth.

25.    The Defendants all had knowledge of the contractual relationship between Plaintiff Froelicher and Raymond James. They also had knowledge of the Power of Attorney previously issued naming Plaintiff Grimsted. As well, they had knowledge of the Estate Plan and documents supporting that plan, and knew the benefits of that plan in relation to Plaintiff Grimsted. Likewise, they were aware of reciprocal benefits which inured to Plaintiff Froelicher from the estate plan of the Plaintiff Grimsted. Further, Defendants had knowledge of the mental capacity of Plaintiff Froelicher.

26.    The Defendants all intentionally and improperly interfered with the contractual relationship between Plaintiff Froelicher and Raymond James and the contractual relationship between Plaintiff Froelicher and Plaintiff Grimsted by reason of the Power of Attorney naming Plaintiff Grimsted as agent.

27.    Plaintiff Froelicher suffered damages as a result of the intentional interference with their contractual rights by the Defendants.

Page 8

## COUNT III – UNLAWFUL CONVERSION
### (Patricia Froelicher)

28.     The foregoing allegations in paragraphs 1 – 23 and 25 are re-alleged and incorporated herein as if fully set forth.

29.     The Froelicher Children unlawfully exercised ownership, dominion and control over the personal property of Plaintiff Froelicher in their attempt to convert the Transamerica policies of Plaintiff Froelicher and in the actual wrongful exercise of ownership, dominion and control of the other asset and retirement accounts of the Plaintiff Froelicher. Defendants have sought to deny or repudiate the rights of Plaintiff Froelicher to the damage of Plaintiff Froelicher.

## COUNT IV – UNDUE INFLUENCE
### (Patricia Froelicher)

30.     The foregoing allegations in paragraphs 1 – 23 and 25 are re-alleged and incorporated herein as if fully set forth.

31.     The conduct of the Defendants and each of them was designed to, and, in fact did unduly influence Plaintiff Froelicher such that she, with her diminished capacity, was unable to exercise her free will regarding her intentions with respect to the disposition of her property because of the stronger will of the Froelicher Children and/or the Froelicher Children and the Raymond James Defendants.

32.     As a result of the said undue influence Plaintiff Froelicher's property was wrongfully converted to the property of the Froelicher Children.

33.     Plaintiff Froelicher has suffered damages as a result of the conduct of the Defendants in unduly influencing Plaintiff Froelicher.

## COUNT V – FALSE IMPRISONMENT
### (Patricia Froelicher)

34.     The foregoing allegations in paragraphs 1 – 23 and 25 are re-alleged and

N:\WPfiles\Cases\Guardian (GU)\Grimsted\Pleading\PI. Complaint FINAL. 062315.docx

incorporated herein as if fully set forth.

35.     The conduct of the Froelicher Children or some of them in wrongfully removing their mother from her home in Washington, D. C., transporting her to Portland, Oregon, refusing to allow her to visit with Plaintiff Grimsted and refusing to allow her to return home constituted false imprisonment of Plaintiff Froelicher causing her mental suffering, fright, shame and mortification from the indignity and disgrace consequent to her illegal detention, and caused Plaintiff Grimsted similar emotional disturbance as a result of the conduct of the Froelicher children.

36.     Plaintiff Grimsted, likewise, suffered damages incident to retrieving Plaintiff Froelicher and returning her to her home.  This included travel expenses, attorneys' fees, lost time, grief and mental anguish.

37.     The conduct of the Froelicher children is so egregious so as to warrant compensatory and punitive damages for Plaintiff Grimsted and Plaintiff Froelicher.

<u>COUNT VI – CIVIL CONSPIRACY</u>
(Patricia Froelicher and David Grimsted)

38.     The foregoing allegations in paragraphs 1- 23 and 25 are re-alleged and incorporated herein as if fully set forth.

39.     There was an agreement between the Froelicher Children and/or between the Froelicher Children and the Raymond James Defendants to participate in the unlawful act of converting the property of Plaintiff Froelicher and destroying the rights of Plaintiff Grimsted.

40.     In furtherance of that Agreement the Defendants caused Plaintiff Grimsted and Plaintiff Froelicher injury. The act or acts performed by at least one of the Defendants in furtherance of the civil conspiracy is the undue influence exercised by the Defendants or some of them on Plaintiff Froelicher to issue a successor power of attorney to Peter Froelicher when

Plaintiff Froelicher was known to lack capacity to execute such document; and, further, to effectuate the conversion and transfer of twenty-five percent of the estate of Plaintiff Froelicher to her children.

41.     The actions of the Defendants or certain of them in furtherance of the conspiracy caused damage to Plaintiff Grimsted and Plaintiff Froelicher.

COUNT VII – FRAUD
(Patricia Froelicher and David Grimsted)

42.     The foregoing allegations in paragraphs 1 - 23 and 25 are re-alleged and incorporated herein as if fully set forth.

43.     The Froelicher Children made false representations as to the validity of the Power of Attorney which they used to convert their mother's assets and divest Plaintiff Grimsted from his beneficial rights to their mother's assets.  This material misrepresentation of fact was made by the said Children with knowledge that it was false and it was made with the intent to deceive the Raymond James Defendants.  Raymond James relied on the representations made by the Froelicher Children to the detriment of Plaintiff Grimsted and Plaintiff Froelicher.

44.     Alternatively, the Froelicher Children in concert with the Raymond James Defendants all misrepresented the material fact of the validity of the Power of Attorney knowing that it was false and would wrongfully allow the children to use their mother's assets to set up accounts in their own names, all to the detriment of Plaintiff Grimsted and Plaintiff Froelicher who suffered damages thereby.

COUNT VIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Patricia Froelicher and David Grimsted)

45.     The foregoing allegations in paragraphs 1 – 23 and 25 are re-alleged and incorporated herein as if fully set forth.

Page 11

46.     The extreme and outrageous conduct on the part of the Froelicher children was intentionally or recklessly designed to and did cause severe emotional distress to Plaintiff. Froelicher and Plaintiff Grimsted.

47.     Plaintiff Grimsted and Plaintiff Froelicher are entitled to actual and punitive damages for such outrageous and damaging conduct.

## COUNT IX – DECLARATORY JUDGMENT
### (Patricia Froelicher and David Grimsted)

48.     The foregoing allegations in paragraphs 1 - 23 and 25 are re-alleged and incorporated herein as if fully set forth.

49.     28 USC §2201 and FRCP 57 provide for Declaratory Judgment in an appropriate case.

50.     This is a case of actual controversy; to wit, whether the power of attorney executed by Plaintiff Froelicher in favor of Peter Froelicher is valid or binding.

51.     Plaintiff Grimsted asserts that such Power of Attorney is invalid and should be declared as such by this Court.

## COUNT X – PRELIMINARY INJUNCTION
### (Patricia Froelicher and David Grimsted)

52.     The foregoing allegations in paragraphs 1 - 23 are re-alleged and incorporated herein as if fully set forth.

53.     Defendants have converted at least one-quarter (25%) of the estate of Plaintiff Froelicher.  The damage to Plaintiff Grimsted and Plaintiff Froelicher is irreparable since the Defendants may dispose of the converted assets and may not have the ability to reconstitute them in whole, in part or in kind.

54.     A legal judgment alone will not restore Plaintiff Grimsted and Plaintiff Froelicher

to the state they were in prior to the wrongful action of the Defendants.

55.     There is no adequate remedy at law.

56.     The public policy of the District of Columbia will not be abridged by issuing the injunction sought here.

57.     No third party will be adversely affected by issuance of the injunction sought here.

58.     All assets formerly in accounts of Plaintiff Grimsted or Plaintiff Froelicher and now in the hands of the Defendants should be ordered to be restored to the accounts they were in prior to the time the Defendants began to act as described herein.

59.     Said assets should be held in the original accounts until further order of the Court.

## COUNT XI – PERMANENT INJUNCTION
### (Patricia Froelicher and David Grimsted)

60.     The foregoing allegations in paragraphs 1 – 23, 25 and 53 through 59 are re-alleged and incorporated herein as if fully set forth.

61.     The Court should issue a permanent injunction ordering the assets of Plaintiff Froelicher to be returned to her or Plaintiff Grimsted permanently.

## COUNT XII – TORTIOUS INTENTIONAL INTERFERENCE
## WITH CONTRACTUAL RELATIONSHIPS
### (David Grimsted)

62.     The foregoing allegations in paragraphs 1 – 23 and 25 are re-alleged and incorporated herein as if fully set forth.

63.     The Froelicher Children had knowledge of the relationship between Plaintiff Froelicher and Plaintiff David Grimsted and the expectations each had for the others' well-being and their own well-being upon the death of one of them. To that end the Froelicher Children had knowledge that each of the Plaintiffs had provided for the other at a certain level in their respective estate plans. Likewise, they were aware of reciprocal benefits which inured to Plaintiff Grimsted

N:\WPfiles\Cases\Guardian (GU)\Grimsted\Pleading\PI, Complaint FINAL, 062315.docx

from the estate plan of the Plaintiff Froelicher. Further, the Froelicher Children had knowledge of the mental capacity of Plaintiff Froelicher.

64.   The Froelicher Children all intentionally and improperly interfered with the relationship between Plaintiff Froelicher and Plaintiff Grimsted in their mutual arrangement to provide for one another in their respective estate plans.

65.   Plaintiff Grimsted suffered damages as a result of the intentional interference with their contractual rights by the Defendants.

COUNT XIII – ACCOUNTING<br>(Patricia Froelicher)

66.   The foregoing allegations in paragraphs 1 – 23, 25 and 53 through 59 are re-alleged and incorporated herein as if fully set forth.

67.   The Court should issue an order requiring a full accounting of the assets of Plaintiff Froelicher as they came into the hands of the Defendants, and those assets should be returned to Plaintiff Grimsted permanently.

WHEREFORE, Plaintiff Grimsted seeks judgment against the Defendants jointly and severally as follows:

A.   Plaintiff Grimsted for himself and for the benefit of the Plaintiff Froelicher should be awarded damages for breach of contract against the Raymond James Defendants jointly and severally in the amount of $500,000 compensatory damages and punitive damages in the amount of $500,000.

B.   The Raymond James Defendants should be enjoined as constructive trusteesto return all assets moved from any account in the name of Plaintiff Froelicher to the accounts where the assets were originally located preliminarily and permanently.

C.   The Froelicher Children should be enjoined as constructive trustees to return to Plaintiff

under the power of attorney in favor of Peter Froelicher or any assets removed from ownership by Plaintiff Froelicher on or after November 1, 2014.

D. The Court should declare any document signed by Plaintiff Froelicher on or after November 1, 2014 to be void and invalid.

E. Award damages against the Froelicher children jointly and severally in favor of Plaintiff Grimsted and Plaintiff Grimsted as Power of Attorney for Plaintiff Froelicher, jointly and severally in the amount of $500,000 in compensatory damages and $500,000 in punitive damages.

F. Award damages in the amount of $500,000 compensatory damages and $500,000 punitive damages for the damages sustained by Plaintiff Grimsted individually.

G. The Court should Order a full accounting of all assets removed by the children.

H. Award costs and attorneys' fees to Plaintiffs Grimsted and Froelicher

I. Grant such other relief as this Court deems just and proper.

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

6-22-15
DATE

David Allen Grimsted

Respectfully submitted,

DAVID ALLEN GRIMSTED

By counsel

Page 15

Complaint dated this _23_ᴿᴰ day of June, 2015.

GLASSMAN & MICHAEL, PLLC

Stephen C. Glassman, Esq. DC Bar #24042
1950 Old Gallows Road, Suite 700
Vienna, Virginia 22182
Telephone: 703-902-9500
Facsimile: 703-902-9501
Email: sglassman@gmlawpllc.com
*Co Counsel for Plaintiffs*

RON M. LANDSMAN, P.A.

Ron Landsman, Esq. DC Bar #209452
200-A Monroe Street, Suite 110
Rockville, Maryland 20850
Telephone: 240-403-4300 x 106
Facsimile: 240-403-4301
Email: rml@ronmlandsman.com
*Co Counsel for Plaintiffs*